IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

MICHAEL DRAGOVICH, et al.,

                  Plaintiffs-Appellees,

v.

UNITED STATES DEPARTMENT OF THE TREASURY, et al.

                  Defendants-Appellants,

and

BOARD OF ADMINISTRATION OF CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM; ANNE STAUSBOLL, Chief Executive Officer, CalPERS,

                  Defendants,

BIPARTISAN LEGAL ADVISORY GROUP OF THE U.S. HOUSE OF REPRESENTATIVES,

                  Intervenor-Defendant.

No. 12-16628

## CONSENT MOTION TO VACATE IN PART AND REMAND

On June 25, 2013, the Court stayed further proceedings in this appeal and ordered the appellants to file a brief by August 1, 2013, or to "file an appropriate motion addressing the status of the Supreme Court case," *United States* v. *Windsor*, "and requesting continuance of the stay or other relief." As explained herein, the Supreme Court's decision in *United States* v. *Windsor*, 133 S. Ct. 2675 (2013),

conclusively resolves the claims of plaintiffs in same-sex marriages, and the federal government has no further intent of pursuing that issue on appeal. With regard to the claims of unmarried plaintiffs in registered domestic partnerships, however, a recent change in fact and law — that same-sex couples in California now can get married — has a significant impact on the legal and factual basis supporting the district court's decision. Accordingly, we respectfully request that this Court vacate the district court's judgment with regard to unmarried plaintiffs in domestic partnerships and remand for the district court to consider in the first instance the impact of these changed circumstances on plaintiffs' claims. The plaintiffs-appellees consent to this motion.

## BACKGROUND

1. This case was brought by California public employees and their same-sex spouses or registered domestic partners, against state and federal defendants, to obtain long-term care insurance under the California Public Employees' Retirement System ("CalPERS") for the spouses and partners. *Dragovich* v. *U.S. Dep't of the Treasury*, 872 F. Supp. 2d 944, 946-47 (N.D. Cal. 2012). At the time of the suit, the state permitted enrollment in that program by certain family members of state employees or retirees — but not same-sex spouses and not certain other family members, including domestic partners. *Id.* at 947. This approach adhered to the federal definition of long-term care plans that are eligible for favorable tax treatment.

*Ibid.*; see 26 U.S.C. § 7702B(f); 26 U.S.C. § 152(d)(2); see also 1 U.S.C. § 7 (defining "spouse" as meaning only an opposite-sex spouse).

The district court held that the named plaintiffs have standing and certified a class, pursuant to Fed. R. Civ. P. 23(b)(2), of all "present and future CalPERS members who are in legally recognized same-sex marriages and registered domestic partnerships together with their spouses and partners, who as couples and families are denied access to the CalPERS Long-Term Care Program on the same basis as similarly situated present and future CalPERS members who are in opposite-sex marriages, and their spouses." 872 F. Supp. 2d at 950; see also 764 F. Supp. 2d at 1185-88 (standing decision).

2. The district court granted summary judgment for the plaintiffs. The court permanently enjoined the state defendants from denying enrollment in the CalPERS long-term care plan on the basis of Section 3 of the Defense of Marriage Act ("DOMA") (1 U.S.C. § 7), which defines a spouse as being an opposite-sex spouse, or 26 U.S.C. § 7702B(f), which does not include domestic partners in the list of eligible family members. 872 F. Supp. 2d at 964. The court also enjoined the federal government "from disqualifying the CalPERS long-term care plan" from favorable tax status under § 7702B(f) "based on [the] State Defendants' compliance with the terms of th[e] injunction." *Ibid.*

In so doing, the court held that Section 3 of DOMA violates the married plaintiffs' right to equal protection of the laws. 872 F. Supp. 2d at 955-59. The court

3

further held that 26 U.S.C. § 7702B(f) is unconstitutional as applied to the members of the certified class. The court found that "laws excluding registered domestic partners use that status as a proxy for homosexuality," explaining that "same-sex couples are relegated to domestic partnership because they are barred from civil marriage by California law." 872 F. Supp. 2d at 960-61. "Laws limiting same-sex couples to registered domestic partnerships, while precluding them from marriage," the court reasoned, "turn on sexual orientation, and the availability of registered domestic partnership to different-sex couples does not negate the burdens faced by same-sex registered domestic partners." *Id.* at 961. The court found unpersuasive the government's argument that "§ 7702B(f) is neutral as to sexual orientation because other relatives, such as cousins, and individuals who share a close, family-like relationship are omitted from the list of eligible relatives." *Ibid.* The court stated that "the relevant comparison is between § 7702B(f)'s treatment of domestic partners and its treatment of spouses," reasoning that "domestic partners are more comparable to spouses" than other relatives. *Ibid.*

  3. The federal defendants and Bipartisan Legal Advisory Group of the U.S. House of Representatives ("BLAG") filed timely notices of appeal. Nos. 12-16628, 12-16461. This Court stayed the appeals pending the Supreme Court's disposition of a number of petitions for certiorari raising the question whether Section 3 of DOMA is constitutional, and continued that stay pending the Supreme Court's decision in

4

*United States* v. *Windsor.* The Court ordered the appellants to file opening briefs or appropriate motions by August 1, 2013.

4. On July 22, 2013, pursuant to a joint stipulation, the Court dismissed BLAG's appeal in No. 12-16461.[1]

## DISCUSSION

The Supreme Court's decision in *United States* v. *Windsor,* 133 S. Ct. 2675 (2013), conclusively resolves the claims of plaintiffs in same-sex marriages, and the federal government will not pursue that issue on appeal. With regard to the claims of unmarried plaintiffs in registered domestic partnerships, however, a recent change in fact and law has altered one of the key premises of the district court's decision. Accordingly, the district court should be given an opportunity to reconsider its decision.

The district court rested its holding in part on the premise that "same-sex couples are relegated to domestic partnership because they are *barred from civil marriage by California law.*" *Dragovich*, 872 F. Supp. 2d at 961 (emphasis added). The court reasoned that "[l]aws *limiting* same-sex couples to registered domestic partnerships, while *precluding them from marriage*, turn on sexual orientation, and the availability of registered domestic partnership to different-sex couples does not negate the burdens faced by same-sex registered domestic partners." *Ibid.* (emphasis added).

---

[1] Neither BLAG nor the California defendants are designated as parties to this appeal.

Following the Supreme Court's decision in *Hollingsworth* v. *Perry*, 133 S. Ct. 2652 (2013), however, California has resumed permitting same-sex marriages. Thus, the domestic-partner plaintiffs in this case now can get married, should they choose to do so. This change undermines the district court's decision with regard to the remaining relevant subset of the plaintiff class — "CalPERS members who are in * * * registered domestic partnerships together with their * * * partners" who "are denied access to the CalPERS Long-Term Care Program on the same basis as similarly situated * * * CalPERS members who are in opposite-sex marriages, and their spouses," 872 F. Supp. 2d at 950.

In light of this critical change, we respectfully submit that this Court should vacate the district court's judgment with regard to domestic partners and remand for the district court to consider, in the first instance, whether it violates the equal protection rights of same-sex couples to include employees' spouses —who may be members of the same *or* opposite sex — but not domestic partners, and any considerations that may affect the domestic-partner plaintiffs' standing (such as their opportunity now to marry). See generally *Bell* v. *Maryland*, 378 U.S. 226, 238-239 (1964) (on appeal a court "is bound to consider any change, either in fact or in law" and "may recognize such a change, which may affect the result, by setting aside the judgment and remanding the case" for the lower court to act); *Lawrence* v. *Chater*, 516 U.S. 163, 167 (1996) (per curiam) (order vacating and remanding is appropriate where "intervening developments * * * reveal a reasonable probability that the decision

6

below rests upon a premise that the lower court would reject if given the opportunity for further consideration, and where it appears that such a redetermination may determine the ultimate outcome of the litigation"). The plaintiffs-appellees have authorized us to state that they consent to this disposition.

If the Court rejects the course of future proceedings proposed in this motion, the Court should issue a new briefing schedule for the parties to this appeal.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court vacate the district court's judgment with respect to the unmarried, domestic-partner plaintiffs and remand for further proceedings.

>                         Respectfully submitted,
>
>                         MICHAEL JAY SINGER
>                         HELEN L. GILBERT
>                         /s/ Adam C. Jed
>                         ─────────────────────────
>                         ADAM C. JED
>                         Counsel for Defendants-Appellants
>                         (202) 514-8280
>                            *Attorneys, Appellate Staff*
>                            *Civil Division*
>                            *U.S. Department of Justice*
>                            *950 Pennsylvania Ave., N.W., Rm. 7240*
>                            *Washington, D.C. 20530*

AUGUST 2013

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 1, 2013, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                                    _s/ Adam C. Jed_
                                                    ADAM C. JED